## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**DEBRA A. CREEK**                                                    **PLAINTIFF**

**v.**                            **No. 4:15–CV–388-JM-BD**

**CAROLYN W. COLVIN, Acting Commissioner,**
**Social Security Administration**                          **DEFENDANT**

### RECOMMENDED DISPOSITION

**Instructions**.  The following recommended disposition was prepared for Judge

James M. Moody Jr.  A party to this dispute may file written objections to this

recommendation.  Objections must be specific and state the factual and/or legal basis for

the objection.  An objection to a factual finding must identify the finding and the

evidence supporting the objection.  Objections must be filed with the clerk of the court

no later than 14 days from the date of this recommendation.[1]  The objecting party must

serve the opposing party with a copy of an objection.  Failing to object within 14 days

waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Moody

may adopt the recommended disposition without independently reviewing all of the

record evidence.

---

[1]28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2]*Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections
waives right to de novo review and to appeal magistrate judge's findings of fact).

**Background**. Debra A. Creek seeks judicial review of the denial of her second application for social security disability benefits.[3] Ms. Creek last worked as an adjunct professor at Arkansas Tech University.[4] She stopped working in May 2012. She based disability on anemia, herniated discs in the neck, anxiety, and depression.[5]

**The Commissioner's decision**. The ALJ identified degenerative disc disease, obesity, and affective disorder as severe impairments.[6] The ALJ determined the impairments limited Ms. Creek to some simple light work.[7] The ALJ questioned a vocational expert, determined work exists that Ms. Creek could do, and denied the application.[8]

After the Commissioner's Appeals Council denied a request for review,[9] the decision became a final decision for judicial review.[10] Ms. Creek filed this case to

---

[3]SSA record at pp. 141 & 143 (applications) & pp. 151 & 160 (first application alleged disability beginning May 26, 2010; denied on June 24, 2010).

[4]*Id*. at pp. 177, 183 & 200.

[5]*Id*. at p. 182.

[6]*Id*. at p. 25.

[7]*Id*. at p. 27.

[8]*Id*. at p. 33.

[9]*Id*. at p. 1.

[10]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative

challenge the decision.[11]  This recommendation explains why the court should affirm

the decision.

**Ms. Creek's allegations**.  Ms. Creek complains about the development of the

record, and she contends the record required medical opinions by treating sources.  She

challenges the determination that she could do light work, because the determination

relied on medical opinions by non-treating sources.  She suggests the ALJ relied on

inaccurate vocational evidence.[12]

**Applicable legal principles**.  The court must determine whether substantial

evidence supports the decision and whether the ALJ made a legal error.[13]  For

substantial evidence to exist, a reasonable mind must accept the evidence as adequate to

show Ms. Creek could do some light work and that work exists that she could do.[14]

-----------------------------------

remedies have been exhausted" and explaining that the Commissioner's appeal
procedure permits claimants to appeal only final decisions).

[11]Docket entry # 1.

[12]Docket entry # 10.

[13]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the
Commissioner's findings are supported by substantial evidence and whether the
Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187
(8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant
disability benefits if the decision is not based on legal error and if there is substantial
evidence in the record as a whole to support the conclusion that the claimant was not
disabled.").

[14]*See Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) (substantial evidence
exists if a reasonable mind might accept the evidence as adequate to support the

"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."[15]  The ALJ placed the following limits on Ms. Creeks ability to perform light work: (1) occasional overhead work with the arms; (2) occasional handling objects with the non-dominant hand; and (3) simple, routine, repetitive tasks, in an environment with incidental social contact and simple, direct, concrete supervision.[16]  A reasonable mind would accept the evidence as adequate for the following reasons:

1. **Medical evidence established no disabling physical symptoms**.  A claimant must prove disability with medical evidence; allegations are not enough.[17]  Ms. Creek complained primarily about disabling pain, but

_____

decision).

[15]20 C.F.R. §§ 404.1567(b) & 416.967(b).

[16]SSA record at p. 27.

[17]42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability…; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the pain or other symptoms alleged and which…would lead to a conclusion that the individual is under a disability"); 20 C.F.R. §§ 404.1508 & 416.908 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."); 20 C.F.R. §§ 404.1529 & 416.929 ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other

medical evidence showed no reason for such severe pain.  Diagnostic imaging of the cervical spine showed some degenerative changes: a small central disc protrusion with small bone spurs at level C4/5 and a broad-based bone spur at level C5/6 causing "moderate right foraminal narrowing."[18]  Foraminal narrowing at level C5/6 supported Ms. Creek's complaint about neck pain, radiating to the left shoulder into the left arm.[19]

Ms. Creek saw a pain management specialist on a regular basis. According to the pain specialist, pain medication and anti-depressants provided adequate pain control.[20]  Ms. Creek had anemia when she applied for disability benefits.[21]  Agency medical experts opined that anemia and degenerative changes in the cervical spine limited Ms. Creek to light work involving occasional overhead work and occasional handling with the left arm.[22]  A reasonable mind would accept the evidence as adequate, because that is the type of work the ALJ required.

2. **Medical evidence established no disabling mental symptoms**.  For a brief time, Ms. Creek sought mental health treatment.  Therapy sessions focused on the passing of Ms. Creek's first husband, issues with her

---

symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.").

[18]SSA record at pp. 283-84.

[19]Julia Barrett, Cervical Spondylosis, 2 The Gale Encyclopedia of Med. 1050 (5th ed.) ("Pressure may … accumulate as a direct consequence of osteophyte formation. The pressure on the nerve root causes severe shooting pain in the neck, arms, shoulder, and/or upper back, depending on which nerve roots of the cervical spine are affected.").

[20]SSA record at p. 493 (Dec. 4, 2012), p. 490 (Jan. 3, 2013), p. 486 (Jan. 31, 2013), p. 480 (Mar 29, 2013), p. 476 (Apr. 25, 2013), p. 469 (June 20, 2103), p. 466 (July 19, 2013), p. 462 (Aug. 15, 2013), p. 459 (Sept. 12, 2013), p. 456 (Oct. 10, 2013), p. 538 (Feb. 27, 2014), p. 535 (Mar. 28, 2014, p. 532 (Apr. 24, 2014) & p. 529 (May 22, 2014).

[21]*Id*. at p. 305 (May 1, 2012).

[22]*Id*. at pp. 356, 360, 400 & 412.

parents, and financial concerns.  According to Ms. Creek, medication and counseling improved her mental symptoms.[23]  Symptoms that can be controlled by treatment are not considered disabling.[24]  A reasonable mind would accept the evidence as adequate, because the ALJ accounted for mental symptoms by requiring simple, routine, repetitive tasks, involving incidental social contact and simple, direct, concrete supervision.

3.  **The record provided sufficient information to determine disability**. Ms. Creek contends that the ALJ should have obtained a medical opinion from a treating provider, but an ALJ must seek such evidence "only if a crucial issue is undeveloped."[25]  Ms. Creek's allegations placed anemia, herniated discs in the neck, anxiety, and depression at issue.  Treatment records addressed those issues.  Ms. Creek later complained about pain in her neck, back, left elbow, and joints.[26]  The ALJ responded by ordering an orthopedic exam and diagnostic imaging.  The exam and the imaging provided evidence about the musculoskeletal complaints.

During the orthopedic exam, Ms. Creek demonstrated diminished ranges of motion in the lumbar spine and neck, but she could walk normally and squat.[27]  Diagnostic imaging showed minimal degenerative changes in the lumbar spine and early arthritis in the left knee.[28]  According to the examiner, Ms. Creek could not return to her teaching job due to chronic pain and depression.[29]

---

[23]*Id*. at pp. 49 & 435.

[24]*Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004); *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

[25]*Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005).

[26]SSA record at p. 208.

[27]*Id*. at p. 404.

[28]*Id*.

[29]*Id*. at p. 405.

Ms. Creek's pain specialist opined that depression, anxiety, insomnia, and obesity contributed to chronic pain.[30]  According to the specialist, Ms. Creek should help herself by increasing physical activity and decreasing food intake.[31]  Recommendations for increasing physical activity contradicted Ms. Creek's claim that she was unable to do any physical activity.[32]

4.  **Vocational evidence supports the decision**.  A vocational expert classified Ms. Creek's former work as an adjunct professor as highly skilled light work.[33]  Because the ALJ required simple tasks involving incidental social contact and direct supervision, the ALJ determined Ms. Creek could no longer do her past work.  The ALJ asked the vocational expert about available work for a person with Ms. Creek's limitations.  The vocational expert identified conveyor line bakery worker and research subject.[34]  The available jobs show work existed that Ms. Creek could do, regardless of whether such work existed where she lived, whether a job vacancy existed, or whether she would have been hired if she applied for work.[35]  A reasonable mind will accept the vocational evidence as adequate to show that work existed that Ms. Creek could do.

---

[30]*Id*. at p. 456.

[31]*Id*. at p. 480 (Mar. 29, 2013: she needs to get out more, will help with depression), p. 473 (May 23, 2013: must start helping herself, increase activity and decease food intake, stop going to Sonic), p. 459 (Sept. 12, 2013: needs to increase physical activity) & p. 538 (Feb. 27, 2014: needs to work on her weight desperately, she has walked to mailbox and back once).

[32]*Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013) (medical recommendation to increase physical exercise is inconsistent with claim of disabling physical limitation).

[33]SSA record at p. 58.

[34]*Id*. at pp. 59-60.

[35]42 U.S.C. § 1382c(a)(3)(B) (defining disability under social security disability law).

**Conclusion and Recommended Disposition**.  Substantial evidence supports the Commissioner's decision.  A reasonable mind would accept the evidence as adequate to support the decision.  The ALJ made no legal error.  For these reasons, the undersigned recommends DENYING Ms. Creek's request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

Dated this 29th day of June, 2016.

_____
UNITED STATES MAGISTRATE JUDGE